IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. WILSON,             :
                                :
       Plaintiff,          :
                                :
       vs.               :      CIVIL ACTION NO.   3:05-2101
                                :      (JUDGE KOSIK)
UNKNOWN BUDGEON, KEVIN  :
KANE, JOHN KERESTES, J.D.  :
SHUTT, PETE DAMITER, ROBERT  :
SHANNON, AND ROBERT  :
BITNER,                :
                                :
       Defendants.     :

## MEMORANDUM

Before this court are the plaintiff's objections to the Report and Recommendation issued by United States Magistrate Judge J. Andrew Smyser suggesting that we dismiss the claims against various defendants, grant summary judgment in favor of others, and deny the plaintiff's motion for summary judgment.  For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge, dismiss the plaintiff's claims against defendants, Lamas and Kepner, dismiss the plaintiff's state law negligence claims, grant summary judgment in favor of the remaining defendants on the plaintiff's federal claims, and close this case.

## I. BACKGROUND

John D. Wilson (hereinafter "Plaintiff"), an inmate at the State Correctional Institution at Frackville, Pennsylvania, filed this civil rights action on October 15, 2005, pursuant to 42 U.S.C. §1983.  (Doc. 1).  The defendants are Timothy Budgeon, corrections officer at the State Correctional Institution at Frackville (SCI-Frackville);

Kevin Kane, hearing examiner at SCI-Frackville; John Kerestes, deputy for centralized services at SCI-Frackville; J.D. Shutt, deputy for facilities management at SCI-Frackville; Robert Shannon, Superintendent at SCI-Frackville; Robert Bitner, Chief Hearing Examiner for the Pennsylvania Department of Corrections; Pete Damiter, Assistant to Superintendent/Grievance Coordinator at SCI-Frackville; M. Lamas; and William Kepner.  Plaintiff alleges that on January 5, 2004, defendant Budgeon issued Plaintiff a false and fabricated misconduct report in retaliation for Plaintiff's being "voicetrous" in a disagreement between the two men over the prison block television. (Doc. 1, ¶ 30).   Plaintiff asserts First and Fourteenth Amendment claims of discrimination and retaliation, as well as state law claims of negligence against the other named defendants. Plaintiff's complaint names defendants, Lamas and Kepner, but alleges no improprieties on the part of those two defendants.

On January 11, 2006, the defendants filed a motion to dismiss or, in the alternative, for summary judgment.   (Doc. 17).   Defendants asserted that the complaint should be dismissed as Plaintiff failed to exhaust the administrative remedies available to him at SCI-Frackville.  All parties briefed the defendants' motion. (Docs. 18-21, 24-25, 27-28, 30).  Plaintiff filed his own motion for summary judgment on March 24, 2006.  (Doc. 32).  All parties briefed Plaintiff's motion.  (Docs. 33-34, 36).

On April 26, 2006, Magistrate Judge Smyser filed a Report and Recommendation suggesting that this court: (1) dismiss all claims against defendants, M. Lamas and William Kepner, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim against said defendants; (2) grant the remaining defendants' motion for summary

2

judgment on the federal claims; (3) dismiss Plaintiff's state law claims as barred by sovereign immunity; (4) deny Plaintiff's motion for summary judgment; and, (5) close the case.   The Magistrate Judge determined that summary judgment should be entered in the defendants' favor as they established that Plaintiff failed to exhaust the available administrative remedies with respect to his Constitutional claims of discrimination and retaliation.   Magistrate Judge Smyser additionally concluded that the defendants were entitled to sovereign immunity with respect to Plaintiff's state law negligence claims.

Plaintiff filed objections to the Report and Recommendation on May 11, 2006. (Doc. 41).   Plaintiff's objections only challenge the Magistrate Judge's determination that Plaintiff did not exhaust his administrative remedies.   Plaintiff's objections are silent on the dismissal of the claims against defendants, M. Lamas and William Kepner, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as well as the suggested dismissal of Plaintiff's state law negligence claims.   Plaintiff's objections offer no evidence to support his contention that he exhausted the available administrative remedies.   On April 27, 2006, Plaintiff filed motion seeking a temporary restraining order.  (Doc. 38). On May 4, 2006, Plaintiff filed a motion to compel defendants' answers to discovery. (Doc. 39).

## II.  DISCUSSION

### A.       Standard Of Review - Objections To Report And Recommendation

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which

objections are made.  28 U.S.C. §636(b)(1);  *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1);  Local Rule 72.3.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem  proper.  *United States v. Raddatz*, 447 U.S. 667, 676,  100 S.Ct. 2406, 2413 (1980).

**B.     Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When ruling on a motion for summary judgment, the court must view the record in a light most favorable to the non-moving party.  *Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 278 (3d Cir. 2001).  Moreover, the court must draw all reasonable inferences in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The burden rests with the moving party to demonstrate that there is no genuine issue of material fact.  Thereafter, the non-moving party must counter with evidence that supports each essential element of his or her claim.  *Skerski*, 257 F.3d at 278 (citing *Pittston Co. Ultramar Am. Ltd. v. Allainz Ins. Co.*, 124 F.3d 508, 515 (3d Cir. 1997)).  The non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts," and where the record taken as a whole

4

could not allow a rational fact-finder to find in favor of the non-moving party, summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

## C.    Exhaustion Of Administrative Remedies

Prior to initiating a § 1983 suit, a prisoner plaintiff is required to exhaust the administrative remedies available to him.  42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitation on the kind of relief that may be gained through a grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  The Third Circuit concluded that "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000).

The Plaintiff is under no heightened requirement to plead exhaustion of remedies. *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).  Rather, failure to exhaust administrative remedies is a affirmative defense to be raised by the defendant. *Id.* Relying on an affirmative defense as the basis for summary judgment, a defendant

5

must establish the absence of a genuine issue of material fact as to each element of the defense. *Anderson v. Deluxe Homes of PA, Inc.*, 131 F. Supp.2d 637, 649 (M.D. Pa. 2001) (quoting *David B. Lilly Co., Inc. v. Fisher*, 810 F. Supp. 592, 594-95 (D. Del. 1992) (rev'd on other grounds 18 F.3d 1112 (3d Cir. 1994))).  Once the defendant meets this threshold, the burden shifts to the plaintiff to set forth a genuine dispute of material fact as to any element essential to the affirmative defense. *Id.*  If the plaintiff does so, summary judgment must be denied. *Id.*

The Pennsylvania Department of Corrections (DOC) provides inmates with a grievance regime for the formal adjudication of prisoner complaints.  "The prison grievance procedure, known as DC-ADM 804, provides a three-part review: first, the prisoner must file a grievance within fifteen days with the grievance coordinator; second, the prisoner may appeal to the facility manager within five days of receipt of the initial review; third, the prisoner may appeal to the Central Office Review Committee." *Jacobs v. Pa. Dep't of Corr.*, 148 Fed. Appx. 107, 109 (3d Cir. 2005). Prisoner misconduct reports are governed by procedure set forth in DC-ADM 801. The misconduct report is presented to a hearing examiner.  If the prisoner is found guilty , he may appeal the decision to the Program Review Committee (PRC), then to the Superintendent of the institution, and finally to the Chief Hearing Examiner.

In support of their motion for summary judgment, the defendants submitted the declaration of Pete Damiter, Assistant to the Superintendent at SCI-Frackville.  (Doc. 19, Ex. A).  Defendant Damiter acts as the custodian of all grievance and misconduct records.  Mr. Damiter noted that Plaintiff filed twenty-one (21) grievances during the

relevant time, but failed to exhaust administrative remedies in all instances. *Id.* at ¶ 19.  With regard to the misconduct at issue, No. A465945, issued to Plaintiff for threatening defendant Budgeon on January 5, 2004, Mr. Damiter attests that prison records evidence that Plaintiff did not appeal the hearing examiner's guilty verdict beyond the PRC.  He contends that Plaintiff did not exhaust his administrative remedies as he did not appeal the guilty verdict to the Superintendent and the Chief Hearing Examiner.  *Id.* at ¶ 39.  Defendants additionally attached the misconduct reports and grievances filed against and by Plaintiff during the relevant period.  None of the documents suggest that Plaintiff exhausted his appeals with respect to misconduct No. A465945.

Neither Plaintiff's response to the defendants' motion for summary judgment, nor his present objections to the Report and Recommendation offer any evidence to support that Plaintiff exhausted his appeals regarding the misconduct issued on January 5, 2004.  Rather, Plaintiff relies upon unsupported assertions that he did pursue all appeals. Specifically, Plaintiff contends in his objections that, "[t]he appeals were exhausted, and there is proof plaintiff has in fact exhausted all administrative remedies."  (Doc. 41 at ¶ 5).  Plaintiff further contends that DOC documents evidencing his appeals can be found at the offices of a subpoena servicing company, MCS, in Philadelphia.  *Id.* at ¶¶ 3 and 9.  If any documents do exist, Plaintiff failed to attach them as exhibits or otherwise provide this court with copies.

Reviewing the evidence in favor of the Plaintiff, the Magistrate Judge determined that Plaintiff failed to exhaust the administrative remedies available through DC-ADM 801.  We agree.  Defendants have established through documents, as well as the

declaration of the Assistant to the Superintendent/Grievance Coordinator at SCI-Frackville, that Plaintiff failed to exhaust his appeals with regard to the misconduct report issued on January 5, 2004.  Plaintiff has provided no evidence that he appealed the misconduct beyond the PRC, or that he filed and exhausted the appeals on a grievance alleging a claim of retaliation.  Accordingly, Plaintiff's Constitutional claims are barred by the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  The defendants established that they are entitled to judgment as a matter of law.

### C.     Plaintiff's Remaining Claims

We will not review the Magistrate Judge's recommendations regarding the dismissal of Plaintiff's state law claims and the dismissal of all claims against defendants, M. Lamas and William Kepner, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as Plaintiff did not object to those determinations.  Even if Plaintiff had objected to those recommendations, we would nonetheless adopt the Magistrate Judge's conclusions.  The doctrine of sovereign immunity bars Plaintiff's state law negligence claim against employees of Commonwealth agencies acting within the scope of their duties.  1 Pa. Cons. Stat. Ann. § 2310; 42 Pa. Cons. Stat. Ann. § 8522.  A review of Plaintiff's complaint reveals no assertions of improper acts or omissions on the part of defendants, Lamas and Kepner.  Accordingly, the Magistrate Judge did properly recommend dismissing the claims against those two defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

The defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies prior to instituting this 42 U.S.C. §1983 action.  Accordingly, the defendants are entitled to judgment as a matter of law on Plaintiff's federal claims.  Plaintiff's state law claims are barred by the Eleventh Amendment to the Constitution and the sovereign immunity provisions of the Pennsylvania Constitution.  Plaintiff failed to allege any claims against defendants, M. Lamas and William Kepner, and those defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As we have determined that summary judgment should be entered in favor of the defendants, we will deny plaintiff's motion for summary judgment.  Accordingly, we will adopt the Magistrate Judge's Report and Recommendation, dismiss Plaintiff's objections thereto, deny as moot his motions for a temporary restraining order and to compel discovery, and close the case.  An appropriate order is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. WILSON,                          :
                                         :
          Plaintiff,                     :
                                         :
vs.                                      :          CIVIL ACTION NO.   3:05-2101
                                         :          (JUDGE KOSIK)
UNKNOWN BUDGEON, KEVIN                   :
KANE, JOHN KERESTES, J.D.                :
SHUTT, PETE DAMITER, ROBERT              :
SHANNON, AND ROBERT                      :
BITNER,                                  :
                                         :
          Defendants.                    :

## ORDER

          AND NOW, this 19th day of May, 2006, IT IS HEREBY ORDERED THAT:


          [1] the plaintiff's objections (Doc. 41) to the Report and
Recommendation, are **dismissed**;

          [2] the Magistrate Judge's Report and Recommendation (Doc. 37) is
adopted;

          [3] the defendants' motion to dismiss, or in the alternative, for summary
judgment, (Doc. 17) is granted;

          [4] plaintiff's motion for summary judgment (Doc. 32), is denied;

          [5] plaintiff's motion seeking a temporary restraining order (Doc. 38), is
denied as moot;

          [6] plaintiff's motion to compel defendants' answers to discovery (Doc.
39), is denied as moot;

          [7] judgment is hereby entered in favor of the defendants and against the
plaintiff; and,

          [8] the Clerk of Court is directed to close this case and forward a copy of
this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser.


_____
_____
                                         s/Edwin M. Kosik_____
                                         United States District Judge