UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. WILSON,                 :    CIVIL NO. **3:05-CV-2101**
                                :
          Plaintiff             :    (Judge Kosik)
                                :
     v.                         :    (Magistrate Judge Smyser)
                                :
UNKNOWN BUDGEON,                :
KEVIN KANE,                     :
JOHN KERESTES,                  :
J.D. SHUTT,                     :
PETE DAMITER,                   :
ROBERT SHANNON, and             :
ROBERT BITNER,                  :
                                :
          Defendants            :

### REPORT AND RECOMMENDATION

I. Background and Procedural History.


     The plaintiff, a prisoner proceeding *pro se*, commenced

this 42 U.S.C. § 1983 action by filing a complaint on

October 14, 2005.


     The complaint names as defendants: Timothy Budgeon, a

corrections officer at the State Correctional Institution at

Frackville (SCI-Frackville); Kevin Kane, a hearing examiner

at SCI-Frackville; John Kerestes, the deputy for centralized

services at SCI-Frackville; J.D. Shutt, the deputy for

facilities management at SCI-Frackville; Robert Shannon, the

Superintendent at SCI-Fracville; and Robert Bitner, the Chief

Hearing Examiner for the Pennsylvania Department of

Corrections.  Although not named in the caption of the

complaint, on a page of the complaint under a heading of

"additional defendants," the plaintiff lists M. Lamas and

William Kepner as defendants.  Other than listing them as

defendants, the complaint contains no allegations concerning

Lamas or Kepner.

     The plaintiff alleges the following facts in his

complaint.  The plaintiff and defendant Budgeon got into a

verbal altercation over the block television.  Defendant

Budgeon wanted to watch one thing while the plaintiff wanted

to watch something else.  The plaintiff told defendant

Budgeon that the television was for the inmates not the

guards.  Words were exchanged.  At some point, the plaintiff

proceeded to the main chowhall for his evening meal and was

soon thereafter placed in handcuffs for allegedly making

2

threats of bodily harm to an officer and his family. Defendant Budgeon issued the plaintiff a fabricated misconduct as retaliation for the plaintiff being "voicetrous."

Defendant Kane found the plaintiff guilty of misconduct.  The plaintiff appealed the misconduct decision to the other defendants to no avail.

The plaintiff claims that defendant Budgeon retaliated against him for exercising his First Amendment rights, that defendant Kane conducted a biased misconduct hearing, and that defendants Shannon, Shutt, Kerestes, Damiter and Bitner denied him equal protection of the laws.  The plaintiff also included a negligence count in his complaint.

On January 11, 2006, the defendants filed a motion to dismiss or, in the alternative, for summary judgment.  On March 24, 2006, the plaintiff filed a motion for summary judgment.

On April 27, 2006, the plaintiff filed a document entitled "Memorandum of Law in Support of an Injunction" and a document entitled "Affidavit in Support of Junction [sic]."

On May 4, 2006, the plaintiff filed a document entitled "Plaintiff's Brief in Good Faith Requesting that Defendants Answer in Full all Interrogatories."

By an Order dated May 19, 2006, Judge Kosik granted the defendants' motion to dismiss or for summary judgment and denied the plaintiff's motion for summary judgment. Construing the document filed by the plaintiff on April 27, 2006 as a motion for a temporary restraining order and the document filed by the plaintiff on May 4, 2006 as a motion to compel discovery, Judge Kosik denied those motions as moot. Judge Kosik further entered judgment in favor of the defendants and against the plaintiff and directed the Clerk of Court to close the case file.

On May 26, 2006, the defendants filed a motion for reconsideration of Judge Kosik's Order of May 19, 2006.  In

connection with the motion for reconsideration, defense counsel stated that she had recently learned that some of the information that had been provided to the court by the defendants relating to the plaintiff's exhaustion of administrative remedies was incorrect.  Defense counsel apologized for the error and requested that the court reconsider its decision with respect the plaintiff's federal claims in light of the newly discovered evidence.  Defense counsel argued that despite this newly discovered evidence the defendants are still entitled to judgment as a matter of law in their favor.

By an Order dated June 1, 2006, Judge Kosik granted in part and denied in part the defendants' motion for reconsideration.  Judge Kosik vacated in part the Order of May 19, 2006.  He vacated that section of the Order granting summary judgment to the defendants on the plaintiff's federal claims.  He also vacated those sections of the Order denying the plaintiff's motion for summary judgment and denying as moot the plaintiff's motion for a temporary restraining order and the plaintiff's motion to compel discovery.  Judge Kosik

reaffirmed the May 19, 2006 Order as to the dismissal of the plaintiff's negligence claim and as to the dismissal of Lamas and Kepner.  Judge Kosik denied in part the defendants' motion for reconsideration by refusing to consider whether, despite the newly discovered evidence, the defendants are entitled to judgment as a matter of law.  Judge Kosik indicated that his denial was without prejudice to the right of the defendants to file a renewed motion for summary judgment within twenty days.  Judge Kosik directed the Clerk of Court to reopen the case, and he remanded the case to the undersigned for further proceedings.

On June 8, 2006, the plaintiff filed a motion for the appointment of counsel.

By an Order dated June 13, 2006, the defendants were ordered to file a brief in response to the plaintiff's motion to compel discovery

6

On June 15, 2006, the defendants filed a motion for summary judgment, a statement of material and undisputed facts, a brief and documents in support of their motion.

On June 20, 2006, the defendants filed a brief in opposition to the plaintiff's motion to compel, and on June 29, 2006, the plaintiff filed a reply brief in support of his motion to compel.

By a Memorandum and Order dated July 7, 2006, Judge Kosik denied the plaintiff's motion for summary judgment and the plaintiff's motion for a temporary restraining order and remanded the case to the undersigned for further proceedings.

On July 17, 2006, the plaintiff filed a brief in opposition to the defendants' motion for summary judgment.

On July 19, 2006, the plaintiff filed a document entitled "Plaintiff's Brief to Have Defendants Fined $10,000 or Imprisoned for Fraud upon the Courts."

7

On July 26, 2006, the defendants filed a reply brief in support of their motion for summary judgment.[1]

On August 14, 2006, the plaintiff filed a motion for summary judgment and a brief in support of that motion.  On August 28, 2006, the defendants filed a brief in opposition to the plaintiff's motion for summary judgment.  On September 19, 2006, the plaintiff filed a reply brief in support of his motion for summary judgment.

This Report and Recommendation addresses both the defendants' motion for summary judgment and the plaintiff's motion for summary judgment.[2]

---

[1]   On August 4, 2006, the plaintiff filed another brief in opposition to the defendants' motion for summary judgment. Pursuant to Local Rule 7.7, no further briefs beyond a reply brief in support of a motion may be filed without leave of court.  The plaintiff did not seek leave of court to file his second brief in opposition to the defendants' motion for summary judgment.  By a separate order, the plaintiff's second brief in opposition to the defendants' motion for summary judgment has been ordered stricken from the record.

[2] The plaintiff's motion for the appointment of counsel, the plaintiff's motion to compel and the plaintiff's request to have the defendants fined or imprisoned have been addressed in a separate order.

II. Summary Judgment Standard.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).   The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

9

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case

10

necessarily renders all other facts immaterial.'" *Anderson v.*
*CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex,*
*supra*, 477 U.S. at 323).

III. Due Process.

     The plaintiff claims that the defendants denied him due
process in connection with the disciplinary hearing on the
misconduct issued by defendant Budgeon and in connection with
his appeals of the hearing examiner's decision.

     "[D]ue process rights are triggered by deprivation of a
legally cognizable liberty interest."  *Mitchell v. Horn*, 318
F.3d 523, 531 (3d Cir. 2003).  "For a prisoner, such a
deprivation occurs when the prison 'imposes atypical and
significant hardship on the inmate in relation to the
ordinary incidents of prison life.'" *Id.* (quoting *Sandin v.*
*Conner*, 515 U.S. 472, 484 (1995)).  "Lesser restraints on a
prisoner's freedom are deemed to fall 'within the expected
perimeters of the sentence imposed by a court of law.'" *Id.*
If a prisoner does not have a protected liberty interest in

remaining free of disciplinary custody, then the state owes

him no process before placing in him in disciplinary

confinement. *Id.*


"After *Sandin,* it is clear that the touchstone of the

inquiry into the existence of a protected, state-created

liberty interest in avoiding restrictive conditions of

confinement is not the language of regulations regarding

those conditions but the nature of those conditions

themselves 'in relation to the ordinary incidents of prison

life.'" *Wilkinson v. Austin*, 125 S.Ct. 2384, 2394

(2005)(quoting *Sandin, supra,* 515 U.S. at 484).  In deciding

whether a protected liberty interest exists under *Sandin*, we

consider the duration of the confinement and the conditions

of that confinement in relation to other prison conditions.

*Mitchell*, *supra,* 318 F.3d at 532.  Whether or not a protected

liberty interest exists under *Sandin* requires inquiry into

the specific facts of the case. *Id.* at 533.


It is undisputed that in connection with the misconduct

issued by defendant Budgeon defendant Hearing Examiner Kane

12

sanctioned the plaintiff with sixty days of disciplinary custody for threatening an employee or their family with bodily harm.  *Defendants' Statement of Material and Undisputed Facts in Support of Their Motion for Summary Judgment at ¶¶22-23.*

The United States Court of Appeals for the Third Circuit has held that seven months in disciplinary confinement without more does not manifest the deprivation of a liberty interest protected by the due process clause. *Smith v. Mensinger,* 293 F.3d 641 (3d Cir. 2002).

The plaintiff has not established that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life and, thus, he has not established that he had a liberty interest protected by the Due Process Clause.  Accordingly, it will be recommended that the defendants be granted summary judgment on the plaintiff's due process claims.

13

IV.   Retaliation.

     The plaintiff claims that defendant Budgeon issued him
a fabricated misconduct in retaliation for the plaintiff
telling him that the block television is for inmates not
officers.

     Retaliation for the exercise of First Amendment rights
is a constitutional violation.  *Mount Healthy City Board of
Education v. Doyle*, 429 U.S. 274 (1977); *White v. Napoleon*,
897 F.2d 103, 111-12 (3d Cir. 1990)("Retaliation for the
exercise of constitutionally protected rights is itself a
violation of rights secured by the Constitution actionable
under section 1983.").

     The defendants contend that the plaintiff has failed to
exhaust available administrative remedies with regard to his
retaliation claim.

     Exhaustion of available administrative remedies is
required by 42 U.S.C. § 1997e(a), which provides:

14

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As an affirmative defense, the failure to exhaust

available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The Pennsylvania Department of Corrections has implemented an official Inmate Grievance System.  The grievance system is governed by Administrative Directive 804 (DC-ADM 804).  DC-ADM 804 sets forth a three-tier administrative remedy system.  Pursuant to DC-ADM 804, an inmate is required to present his grievance to the Facility Grievance Coordinator for initial review within fifteen days after the events upon which the grievance is based.  The inmate is required to appeal an adverse determination by the Facility Grievance Coordinator to the Facility Manager.  From there the inmate must appeal to the Secretary's Office of Inmate Grievances and Appeals.

Initial review of issues relating to misconducts and inmate discipline are completed in accordance with the procedures outlined in Administrative Directive (DC-ADM 801), not the inmate grievance system under DC-ADM 804.  If an

16

inmate is found guilty of a misconduct charge by a hearing examiner, the inmate may appeal to the Program Review Committee (PRC), then to the Superintendent of the institution, and finally to the Chief Hearing Examiner.

The defendants have presented evidence that the plaintiff failed to exhaust available administrative remedies with regard to his retaliation claim.

Although the plaintiff appealed the Hearing Examiner's decision on the misconduct issued by defendant Budgeon all the way to the Chief Hearing Examiner, the plaintiff did not claim in his appeals that the misconduct had been issued in retaliation for his First Amendment activity. *See Doc. 56, Exhibit C.*

The plaintiff also failed to exhaust his claim that the misconduct was issued in retaliation for this First Amendment activity through DC-ADM 804.  The plaintiff intimates that he filed a grievance raising his retaliation claim and that that grievance was rejected.  He states that he presented the

issue to the Department of Corrections' Office of

Professional Responsibility.  Although an inmate may present

a complaint to the Office of Professional Responsibility,

presenting a complaint to the Office of Professional

Responsibility is not part of the official grievance process

as set forth in DC-ADM 804 and presenting a complaint to the

Office of Professional Responsibility does not constitute

exhaustion of available remedies pursuant to 42 U.S.C. §

1997e(a) for a Pennsylvania state inmate.


     The plaintiff argues in his briefs that he has in fact

exhausted administrative remedies; however, he has not

presented any evidence to support that assertion or to rebut

the defendants' evidence that he did not properly exhaust

available administrative remedies.


     Based on the summary judgment record, a reasonable

trier of fact could not conclude that the plaintiff exhausted

available administrative remedies with respect to his First

Amendment retaliation claim.  Therefore, it will be

recommended that the defendants' motion for summary judgment

18

be granted as to the plaintiff's First Amendment retaliation claim.

V.  Equal Protection.

The complaint in this case contains a count entitled "Discrimination."  Also, the plaintiff alleges that defendants Shannon, Karestes, Shutt, Damiter and Bitner failed to provide him with equal protection of the laws. *Complaint at* ¶26.

The equal protection clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)).  In order to establish a viable equal protection claim a plaintiff must show an intentional or purposeful discrimination.  *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).

Neither the defendants nor that plaintiff address the equal protection claim in their motions for summary judgment. Nevertheless, we conclude that because the plaintiff has not alleged that he was treated differently than similarly situated prisoners, the complaint fails to state an equal protection claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be recommended that the equal protection claim be dismissed because the complaint fails to state an equal protection claim upon which relief may be granted.

VI.  Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 54) for summary judgment be granted, that the plaintiff's motion (doc. 71) for summary judgment be denied, that the equal protection claim be dismissed pursuant

20

to 28 U.S.C. § 1915(e)(2)(B)(ii), and that the case file be

closed.


                                        **_/s/ J. Andrew Smyser_**
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  September 20, 2006.

21